UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP MOORE, II,

        Petitioner,

v.                                    CASE NO. 08-15318
                                       HONORABLE ARTHUR J. TARNOW

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
GRANTING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

       Petitioner Phillip Moore, II, has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's criminal sexual conduct convictions. Also pending before the Court is respondent David Bergh's motion to dismiss the habeas petition on the ground that Petitioner did not exhaust state remedies for one or more of his claims. Petitioner has asked the Court to disregard his unexhausted claims and to proceed with his two exhausted claims. Because the two exhausted claims lack merit, Respondent's motion is granted, and the habeas petition is dismissed with prejudice.

### I. Background

       Petitioner was charged in Oakland County, Michigan with two counts of criminal sexual conduct in the second degree. *See* MICH. COMP. LAWS § 750.520c(1)(a) (sexual contact with a person under thirteen years of age). The charges arose from allegations that Petitioner touched the genital area of his former girlfriend's daughter, who was eight or nine years old at

the time. The girl was a teenager by the time she disclosed the incident with Petitioner and testified against him at trial.

Petitioner did not testify or present any witnesses. His defense was that nothing inappropriate occurred. Defense counsel maintained that Petitioner had merely checked the complainant after she bathed to determine whether she was clean and that the complainant's perception of the incident was affected by the speech she heard on sexual molestation at school. On May 30, 2006, a circuit court jury found Petitioner guilty, as charged, of two counts of second-degree criminal sexual conduct. The trial court sentenced Petitioner as a habitual offender to two concurrent terms of three to twenty-five years in prison.

Petitioner argued in an appeal of right that the prosecutor failed to present legally sufficient evidence to support his convictions, that the prosecutor's argument denied him a fair trial, and that defense counsel was ineffective for failing to object to the prosecutor's argument. The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's convictions in an unpublished *per curiam* opinion. *See People v. Moore*, No. 271807 (Mich. Ct. App. Sept. 20, 2007).

Petitioner raised the same issues and an additional issue about the habitual offender charge in an application for leave to appeal in the Michigan Supreme Court. On January 22, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Moore*, 480 Mich. 1033; 743 N.W.2d 222 (2008) (table).

Petitioner filed his habeas corpus petition on December 30, 2008. He raised the following claims: (1) the prosecutor's closing arguments were improper, and defense counsel

2

was ineffective for failing to object to the arguments, (2) there was insufficient evidence to support the jury's verdict, and (3) appellate counsel was ineffective for refusing to argue certain issues on appeal. In an attachment entitled "Additional Arguments," Petitioner raises several other claims concerning his trial attorney, the prosecutor, and the delay in charging him.

Respondent argues in his motion to dismiss the petition that Petitioner failed to exhaust state remedies for his third claim (ineffective assistance of appellate counsel) and for the "additional arguments" in his supporting brief. Petitioner has notified the Court that he wishes to delete his third claim and to have the Court proceed with his first two claims. *See* dkt. #8. The Court therefore will proceed to address Petitioner's first and second claims for which he has exhausted state court remedies. 28 U.S.C. § 2254(b)(1)(A).

## II. Standard of Review

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

### III. Discussion

#### A. The Prosecutor's Closing Argument; Defense Counsel's Failure to Object

Petitioner alleges that the prosecutor's rebuttal argument at the close of trial was improper. The Michigan Court of Appeals reviewed this claim for "plain error" because Petitioner did not object to the argument at trial. Respondent has not argued that Petitioner's claim is barred by his failure to make a contemporaneous objection, and the Court is not required to raise the procedural default issue *sua sponte*. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Thus, there is no reason to address the possible procedural default.

#### 1. Clearly Established Federal Law

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004). To prevail on a prosecutorial-misconduct claim, Petitioner must demonstrate that the prosecutor's conduct deprived him of a

4

specific constitutional right or infected his trial with such unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The misconduct must have been "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir. 1979).

The inquiry into prosecutorial-misconduct claims is two-fold. *Slagle v. Bagley,* 457 F.3d 501, 515 (6th Cir. 2006). First, courts must ask whether the prosecutor's conduct or remarks were improper. *Id*. at 516. Second, if the conduct or remarks were improper, a reviewing court must consider whether the impropriety was so flagrant as to warrant reversal. *Id*. When evaluating flagrancy, courts must consider "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994).

### 2. Application

Petitioner takes issue with the following remarks, which the prosecutor made during her rebuttal argument:

> Now, it's been conceded that there was a touch. I don't think there's been any evidence on the record whatsoever that [the complainant] wasn't touched in her vagina by the defendant that he didn't smell his hand not once, but twice after she got out of the bathtub.

(Tr. May 30, 2006, at 134.) Petitioner claims that these comments were improper because (1) he did not concede touching the complainant and (2) the argument implied that he had an obligation to rebut the charges.

5

The Michigan Court of Appeals stated that the prosecutor's blunt statement that Petitioner conceded the touching was, at worst, an exaggeration, which was cured by the trial court's instructions. The Court of Appeals concluded that the comment about there not being any evidence that the complainant was not touched merely pointed out that the question of whether a touching occurred was scarcely an issue.

This Court does not believe that either comment was improper or so flagrant as to require relief. Prosecutors may not misrepresent the facts "because doing so 'may profoundly impress a jury and may have a significant impact on the jury's deliberations.'" *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (quoting *DeChristoforo*, 416 U.S. at 646). However, the comment, "it's been conceded that there was a touch," was based on defense counsel's closing argument. Defense counsel did not deny that the incident occurred. Instead, he implicitly conceded a touching by stating that any touching was done to determine cleanliness and that the critical issue was whether the touching was done for a sexual purpose.

The prosecutor's other comment – that there was no evidence contradicting the complainant's testimony – was true. The complainant and her mother were the only witnesses at trial, and their testimony established that Petitioner inappropriately touched the complainant on an intimate part of her body.

Petitioner maintains that the comment about there being no contradictory evidence implied that he had an obligation to refute the charges. The prosecutor, however, did not say that Petitioner was required to produce any evidence or prove his innocence. Furthermore, the trial court instructed the jurors that Petitioner was presumed innocent, that the prosecutor had to

prove the elements of the offense beyond a reasonable doubt, and that Petitioner did not have to testify, prove his innocence, or do anything. Jurors are presumed to follow a trial court's instructions to them. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

In conclusion, although the prosecutor's remarks were deliberately made, they were not extensive and likely did not mislead the jury, given the strength of the evidence and the trial court's jury instructions. The Court therefore finds that the prosecutor's remarks were proper and even if they were improper, the remarks were not so flagrant as to require reversal of Petitioner's conviction.

### 3. Counsel's Failure to Object

Petitioner asserts that his trial attorney was ineffective for failing to object to the prosecutor's comments. The Michigan Court of Appeals found no merit in this claim. This Court finds that, because the prosecutor's comments did not rise to the level of a constitutional error, defense counsel was not ineffective for failing to object to the comments. "[T]rial counsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen,* 408 F.3d 1262, 1273 (9th Cir. 2005).

Furthermore, as the Michigan Court of Appeals recognized, had defense counsel objected, the trial court in all likelihood would have given a cautionary instruction similar to the instructions it gave at the conclusion of the case. The jurors were told that it was their duty to determine the facts and that they were required to base their decision on the evidence at trial. The jurors also were told that the prosecutor had to prove its case beyond a reasonable doubt,

7

that Petitioner was not required to do anything, and that the lawyers' statements and arguments were merely meant to help the jurors understand the evidence and each side's legal theories.

In light of the trial court's instructions and the prosecutor's isolated remarks, there is not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Thus, Petitioner was not prejudiced by his attorney's failure to object.

### B. Sufficiency of the Evidence

The second and final habeas claim alleges that there was insufficient evidence to support Petitioner's convictions.

### 1. *Jackson v. Virginia*

The question on habeas review of a sufficiency-of-the-evidence claim is

> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal citation omitted) (emphasis in original).

Courts must apply the *Jackson* standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. In Michigan, the elements of second-degree criminal sexual conduct, as charged against Petitioner, are (1) an intentional touching (2) of an intimate part of a person's body (3) for a sexual purpose (4) at a time when the person is less than thirteen years of age. MICH. COMP. LAWS §§ 750.520c(1)(a)

and 750.520a(q); *People v. Piper*, 223 Mich. App. 642, 646-47; 567 N.W.2d 483, 486 (1997). The phrase "intimate parts" "includes the primary genital area, groin, inner thigh, buttock, or breast of a human being." MICH. COMP. LAWS § 750.520a(e).

### 2. Application

The complainant testified that Petitioner lived with her and her family when she was eight or nine years old. During that time, there were occasions when she would take a bath and wrap herself in a towel after getting out of the bathtub. Petitioner would check to see if her vaginal area was clean. He would put his hand under her towel, touch her vaginal area, and move his hand a little. He would then smell his hand and tell her to get back in the bathtub because she was not clean. After she washed herself a second time and got out of the bathtub, he would check her once again and she would get dressed. The complainant stated that this happened at least two times when no one else was at home and that Petitioner did not check any other part of her body. She claimed that there was no animosity between Petitioner and the family and that she did not tell her mother about the incidents with Petitioner until after she turned fifteen years old and heard a speaker at school talk about sexual molestation.

The complainant's testimony established the elements of an intentional touching of a person under the age of thirteen on an intimate part of her body. Her testimony did not have to be corroborated. Mich. Comp. Laws § 750.520h.

The only element in dispute is whether the touching of the complainant's genital area was done for a sexual purpose. Several factors suggest that the touching was done for a sexual purpose. First, Petitioner checked the complainant when no one else was in the house. Second,

Petitioner checked only an intimate part of the complainant's body; he did not check any other part of her body for cleanliness. Third, he did not inform the complainant's mother of any problems with the child's hygiene. Fourth, the complainant was capable of bathing herself at the time and, finally, she had no infections or physical condition that required special attention to her hygiene. Petitioner apparently was somewhat of a father figure to the complainant at the time, but she testified that no one else checked her vaginal area like Petitioner did, and she did not ask him to do it.

In short, there was no medical or hygienic reason for Petitioner to touch an intimate part of the complainant's body. The jury could have inferred from the evidence that Petitioner's only reason for touching the complainant's genital area was for sexual gratification. The evidence therefore was sufficient to support the jury's verdict. All elements of the offense were satisfied.

### IV. Conclusion

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts.

Accordingly, Respondent's motion to dismiss [dkt. #6] is **GRANTED**, and the habeas petition [dkt. #1] is **DISMISSED** with prejudice. Petitioner's motions for oral argument and for release on personal recognizance [dkt. #10] are **DENIED**.

## V.  Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Reasonable jurists could debate the Court's resolution of Petitioner's constitutional claims or conclude that the issues deserve encouragement to proceed further.  The Court therefore **GRANTS** a certificate of appealability on both of Petitioner's claims.   Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

                                                S/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Judge

Dated:  March 2, 2010

*Moore v. Bergh*, No. 08-15318

I hereby certify that a copy of the foregoing document was served upon Petitioner at Tuscola Residential Reentry Program, 2420 Chambers Road, Caro, MI 48723 by ordinary mail and counsel of record on March 2, 2010, by electronic and/or ordinary mail.

                                          S/Catherine A. Pickles

                                          Judicial Secretary